# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

ROBERT JOSEPH KARR, III                                                                    PLAINTIFF
#21-1315

v.                                         2:21-cv-00161-JM-JJV

ROSS, Officer,
Phillips County Detention Center; *et al.*                                                 DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following Recommended Disposition has been sent to United States District Judge James M. Moody Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

### DISPOSITION

Robert Joseph Karr, III, ("Plaintiff") filed this action *pro se* pursuant to 42 U.S.C. § 1983 while he was being held at the Phillips County Jail ("County Jail"). (Doc. No. 1.) On January 19, 2022, mail sent to Plaintiff at the County Jail was returned to the Court as not deliverable. (Doc. No. 5.) On January 21, 2022, I entered an Order denying Plaintiff's motion to proceed *in forma pauperis* ("IFP") because it was no longer clear if he was entitled to proceed IFP. (Doc. No. 6.) I also explained Plaintiff's obligation under Local Rule 5.5(c)(2) to maintain a valid mailing address with the Clerk of Court and advised him the case could be dismissed if he failed

to do so.¹  (Doc. No. 6.)  I ordered Plaintiff to comply with Local Rule 5.5 and provided Plaintiff thirty (30) days to file an updated address *and* either: (1) pay the $402 filing fee in full; or (2) file an updated Application and Calculation Sheet.  (*Id*.)  I explained to him this case would be dismissed if he failed to comply with my instructions.

Plaintiff has not responded to my Order, and the time to do so has expired.  Because the Clerk of Court does not have a valid address for Plaintiff, it would be futile to grant him an extension of time to comply with my instructions.  Accordingly, I recommend this case be dismissed without prejudice due to a lack of prosecution and failure to satisfy the statutory filing fee requirement within the time allowed.  *See* Fed. R. Civ. P. 41(b); Local Rule 5.5(c)(2).

IT IS, THEREFORE, RECOMMENDED THAT:

1.	The Complaint (Doc. No. 1) be DISMISSED without prejudice due to lack of prosecution and failure to satisfy the statutory filing fee requirement within the time allowed.

2.	The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 1st day of March 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

¹ Local Rule 5.5(c)(2) provides: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.  A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number.  If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."